**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ROLFIE FOBBS,** | ) | |
| | ) | **Case No. 1:24cv11682** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Judge: Franklin U. Valderrama** |
| **vs.** | ) | |
| | ) | |
| **THE LINCOLN NATIONAL** | ) | |
| **LIFE INSURANCE COMPANY,** | ) | **Magistrate Judge: Laura K. McNally** |
| | ) | |
| **Defendant.** | ) | |

**ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this Answer to Plaintiff's Original Complaint (the "Complaint") filed by Plaintiff Rolfie Fobbs ("Plaintiff"), and states as follows:

1. Plaintiff ROLFIE FOBBS, hereinafter referred to as "Plaintiff," brings this ERISA action against the Defendant THE LINCOLN NATIONAL LIFE INSURANCE COMPANY Group Welfare Benefits Plan, in its capacity as Administrator of the Cannon Cochran Management Services, Inc. (Cannon Cochran) Long Term Disability Plan, hereinafter referred to as "Defendant" Plaintiff brings this action to secure all disability benefits, whether they be described as short-term, long-term and/or waiver of premium claims to which Plaintiff is entitled under a disability insurance policy underwritten and administered by Defendant. Plaintiff is covered under the policy by virtue of her employment with Cannon Cochran.

**ANSWER: Lincoln admits Plaintiff's claims are governed by Section 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)). Lincoln admits it issued Group Disability Income Policy numbered 000010026834 (the "Policy") to Cannon Cochran Management Services, Inc.**

**("Cannon"), which Policy, at certain times, insured benefits paid by the Cannon Cochran Management Services, Inc. Long Term Disability Plan ("the LTD Plan") sponsored by Cannon to provide certain benefits to participating, eligible employees of Cannon. Lincoln admits Plaintiff was, at certain times, employed by Cannon and was, at certain times, a participant in the LTD Plan. Lincoln denies it was the plan administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 1 of the Complaint.**

## PARTIES

2. Plaintiff is a citizen and resident of Carrollton, Texas.

**ANSWER: Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation.**

3. Defendant is a properly organized business entity doing business in the State of Illinois.

**ANSWER: Lincoln admits the allegations contained in Paragraph 3 of the Complaint.**

4. The disability plan at issue in the case at bar was funded and administered by Defendant.

**ANSWER: Lincoln admits it issued the Policy to Cannon which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln denies it was the plan administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 4 of the Complaint.**

5. Defendant is a business entity doing business in the Northern District of Illinois. Defendant may be served with process by serving its registered agent, Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

**ANSWER: Lincoln admits the allegations contained in Paragraph 5 of the Complaint.**

**<u>JURISDICTION AND VENUE</u>**

6. This court has jurisdiction to hear this claim pursuant to 29 U.S.C. § 1132(a), (e), (f), and (g) of the Employee Retirement Security Act of 1974, 29 U.S.C. § 1101, et seq. ("ERISA") and 28 U.S.C. § 1331, as this action involves a federal question. Specifically, Plaintiff brings this action to enforce her rights under section 502(a)(1)(B) of the Employee Retirement Income Security Act, (ERISA), which provides "[a] civil action may be brought ... (1) by a participant or by a beneficiary ... (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

**ANSWER: Lincoln admits that Plaintiff's claims are governed by Section 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)) under the jurisdiction of this Court pursuant to 28 U.S.C. § 1331. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.**

7. Venue in the Northern District of Illinois is proper by virtue of Defendant doing business in the Northern District of Illinois. Under the ERISA statute, venue is proper "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Therefore, venue may also be proper under the third prong of ERISA's venue provision, specifically "where a defendant resides or may be found." *(Id.)* "District courts within the Fifth Circuit have adopted the reasoning outlined by the Ninth Circuit in *Varsic v. United States District Court for the Central District of California,* 607 F.2d 245 (9th Cir. 1979). See *Sanders v. State Street Bank and Trust Company,* 813 F. Supp. 529, 533 (S.D. Tex. 1993). The Ninth Circuit, in *Varsic,* concluded that whether a defendant "resides

or may be found" in a jurisdiction, for ERISA venue purposes, is coextensive with whether a court possesses personal jurisdiction over the defendant. *Varsic,* 607 F.2d at 248." See *Frost v. ReliOn, Inc.,* 2007 U.S, Dist. LEXIS 17646, 5-6 (N.D. Tex. Mar. 2, 2007). Under ERISA's nationwide service of process provision, a district court may exercise personal jurisdiction over the defendant if it determines that the defendant has sufficient ties to the United States. See *Bellaire General Hospital v. Blue* Cross *Blue Shield of Michigan,* 97 F.3d 822, 825-26 (5th Cir. 1996), citing *Busch v. Buchman, Buchman & O'Brien, Law Firm,* 11 F.3d 1255, 1258 (5th Cir. 1994). Here, Defendant is "found" within the Northern District of Illinois, as it does business here, and the court has personal jurisdiction over Defendant, as it has sufficient ties to the United States.

**ANSWER: Lincoln admits that venue of this action is proper in this Court. To the extent that Paragraph 7 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.**

## CONTRACTUAL AND FIDUCIARY RELATIONSHIP

8. At all relevant times, Plaintiff has been a participant within the meaning of Section 3(7) of ERISA, 29 U.S.C. § 1002(7), in the Long-Term Disability Plan Policy No. 000010026834.

**ANSWER: Lincoln admits Plaintiff was, at certain times, a participant in the LTD Plan. Lincoln admits it issued the Policy to Cannon, which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.**

9. Plaintiff obtained the disability policy at issue by virtue of Plaintiffs employment with Cannon Cochran, with coverage beginning on September 1, 2003.

**ANSWER: Lincoln admits Plaintiff was, at certain times, employed by Cannon, and a participant in the LTD Plan. Lincoln admits it issued the Policy to Cannon, which Policy, had an effective date of September 1, 2003, and, at certain times, insured benefits paid by the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.**

10. Said policy became effective September 1, 2003.

**ANSWER: Lincoln admits it issued the Policy to Cannon, which Policy had an effective date of September 1, 2003, and, at certain times, insured benefits paid by the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.**

11. At all relevant times, Defendant has been the claims administrator of the disability policy within the meaning of Section 3(16)(A) of ERISA, 29 U.S.C. § 1002(16)(A).

**ANSWER: Lincoln admits it issued the Policy to Cannon, which Policy, at certain times, insured benefits paid by the LTD Plan under the terms of the Policy. Lincoln admits that it was, at certain times, the claim administrator for Plaintiff's claim for benefits from the LTD Plan under the Policy that is the subject of the above-styled action and that Plaintiff's claims in the Complaint are governed by ERISA. Lincoln denies it was the plan administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 11 of the Complaint.**

12. At all relevant times, Defendant has been a fiduciary within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

**ANSWER: To the extent that Paragraph 12 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.**

13. Defendant has a fiduciary obligation to administer the Plan fairly and to furnish disability benefits according to the terms of the Plan.

**ANSWER: To the extent that Paragraph 13 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.**

14. Finally, under its fiduciary duty, Defendant is required to take active steps to reduce bias and ensure claims are conducted in a manner that is consistent with the interests of the claimant.

**ANSWER: To the extent that Paragraph 14 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.**

15. Disability benefits under the Plan have been insured in accordance and pursuant to Policy No. 000010026834 issued by Defendant.

**ANSWER: Lincoln admits it issued the Policy to Cannon, which Policy, at certain times, insured benefits paid by the LTD Plan under the terms of the Policy. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.**

16. Under the terms of the policy, Defendant administered the Plan and retained the sole authority to grant or deny benefits to applicants.

**ANSWER: Lincoln admits it issued the Policy to Cannon, which Policy, at certain times, insured benefits paid by the LTD Plan under the terms of the Policy. Lincoln admits that it was, at certain times, the claim administrator for Plaintiff's claim for benefits from the LTD Plan under the Policy that is the subject of the above-styled action. Lincoln denies**

**it was the plan administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 16 of the Complaint.**

17. Because Defendant both funds the Plan benefits and retains the sole authority to grant or deny benefits, Defendant has an inherent conflict of interest.

**ANSWER: Lincoln admits it issued the Policy to Cannon, which Policy, at certain times, insured benefits paid by the LTD Plan under the terms of the Policy. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.**

18. Because of the conflict of interest described above, this Court should consider Defendant's decision to deny disability benefits as an important factor during its review in determining Defendant's wrongful denial of benefits.

**ANSWER: Lincoln admits that its decision on Plaintiff's claim for benefits from the LTD Plan under the Policy is the subject of the Complaint. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.**

19. In order for the Plan Administrator's decisions to be reviewed by this Court under an "arbitrary and capricious" standard, the Plan must properly give the Plan Administrator "discretion" to make said decisions within the plain language in the Plan.

**ANSWER: To the extent that Paragraph 19 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.**

20. Except as stated in paragraph 21 below, benefit denials governed under ERISA are generally reviewed by the courts under a *de novo* standard of review. *Firestone Tire & Rubber* Co. *v. Bruch*, 489 U.S. 101 (1989).

**ANSWER: To the extent that Paragraph 20 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.**

21. In order for the Plan Administrator's decisions to be reviewed by this Court under an "arbitrary and capricious" standard and not a "de novo" standard, the Plan must properly give the Plan Administrator "discretion" to make said decisions within the plain language in the Plan.

**ANSWER: To the extent that Paragraph 21 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.**

22. Plaintiff contends that the Plan fails to properly give Defendant discretion under the Policy.

**ANSWER: To the extent that Paragraph 22 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint.**

23. Further, when a Defendant violates the Department of Labor regulations, Defendant effectively forfeits its discretionary authority.

**ANSWER: To the extent that Paragraph 23 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.**

24. When denying a claim for benefits, a plan's failure to comply with the Department of Labor's claims-procedure regulation, 29 C.F.R. § 2560.503-1, will result in that claim being reviewed de novo in federal court, unless the plan has otherwise established procedures in full

conformity with the regulation and can show that its failure to comply with the claims-procedure regulation in the processing of a particular claim was inadvertent *and* harmless. *Halo v. Yale Health Plan, Dir. Of Benefits & Records Yale Univ.,* 819 F. 3d 42 (2nd Cir. 2016). See also *Fessenden v. Reliance Standard Life Ins.* Co., 927 F.3d 998, 1001-02 (7th Cir. 2019) and *Slane v. Reliance Stand. Life Ins.* Co., CV 20-3250, 2021 WL 1401761 (E.D. La. Apr. 14, 2021).

**ANSWER: To the extent that Paragraph 24 contains legal conclusions, Lincoln is not required to answer Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.**

25. Defendant committed the following violations demonstrating its failure furnish a full and provide review:

i. Inadequate notice of reasons for denial. 29 C.F.R. § 2560.503-1(g)(1)(i);
ii. Inadequate notice of the information needed to perfect Plaintiffs appeal. 29 C.F.R. § 2560.503-1(g)(1)(iii);
iii. Failure to follow Defendant's own claims procedures 29 C.F.R. §2560.503-1(b);
iv. Failure to adopt guidelines to ensure that similarly situated claims are administered correctly and consistently. 29 C.F.R. § 2560.503-1(b)(5);
v. Failure to administrative Plaintiff's claim consistently 29 C.F.R. §2560.503-1(b)(5);
vi. Failure to provide requested relevant documents timely. 29 C.F.R. § 2560.503-1(h)(2)(iii);
vii. Failure to describe the guidelines and protocols relied upon. 29 C.F.R. § 2560.503-1(g)(1)(v) and 29 C.F.R. § 2560.503-1U)(5);
viii. Failure to obtain the review of appropriate medical professional. 29 C.F.R. § 2560.503-1(h)(3)(iii);
ix. Failure to obtain an appeal review of a different non-subordinate medical professional. 29 C.F.R. § 2560.503-1(h)(3)(v);
x. Failure to obtain an appeal review that does not defer to the prior determination. 29 C.F.R. § 2560.503-1(h)(3)(iii);
xi. Failure to obtain an appeal review that is conducted by a different non- subordinate individual. 29 C.F.R. § 2560.503-1(h)(3)(iii);
xii. Failure to give a claimant an opportunity to review and refute the report of a reviewing physician obtained during the appeal review. 29 C.F.R. § 2560.503-1(h)(4);
xiii. Failure to take into account all comments, documents, records, and other information submitted to the claimant or by the claimant relating to the claim. 29 C.F.R. § 2560.503-1(h)(2)(iv).

**ANSWER: Lincoln denies the allegations contained in Paragraph 25 of the Complaint.**

26. Defendant's violations of the regulations were not inadvertent or harmless.

**ANSWER: Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 26 of the Complaint.**

27. Plaintiff contends that because Defendant failed to furnish a full and fair review, Defendant has relinquished its discretionary authority under the Plan.

**ANSWER: To the extent that Paragraph 27 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 27 of the Complaint.**

28. Further, Defendant has a fiduciary obligation to administer the Plan fairly and to furnish disability benefits according to the terms of the Plan.

**ANSWER: To the extent that Paragraph 28 contains legal conclusions, Lincoln is not required to answer. To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 28 of the Complaint.**

29. In Illinois, for disability insurance policies, certificates or riders offered, issued, renewed or delivered on or after February 1, 2011 said "discretionary clauses" are prohibited under Ill. Admin Code tit. 50 § 2001.3 (2005).

**ANSWER: To the extent that Paragraph 29 contains legal conclusions, Lincoln is not required to answer Lincoln denies all remaining allegations contained in Paragraph 29 of the Complaint.**

30. Further, for disability insurance policies issued prior to February 1, 2011, that do not contain a renewal date, said discretionary clause prohibition applies after June 1, 2011, upon any rate increase or any change, modification, or amendments on or after June 1, 2011.

**ANSWER: To the extent that Paragraph 30 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 30 of the Complaint.**

31. Plaintiff contends that the Plan fails to give Defendant said discretion as said discretionary language is prohibited under Ill. Admin Code tit. 50 § 2001.3 (2005).

**ANSWER: To the extent that Paragraph 31 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 31 of the Complaint.**

32. In *Fontaine v Metropolitan Life Ins.* Co., the 7th Circuit held "that such state laws prohibiting discretionary clauses in insurance contracts are not preempted by ERISA" See, *Fontaine v Metropolitan Life Ins.* Co, No. 14-1984 (7th Cir. 2015)(citing *Standard Ins.* Co. *v. Morrison,* 584 F.3d 837 (9th Cir. 2009); *American Council of Life Insurers v. Ross,* 558 F.3d 600 (6th Cir. 2009).

**ANSWER: To the extent that Paragraph 32 contains legal conclusions, Lincoln is not required to answer. To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 32 of the Complaint.**

33. ERISA does not preempt state bans on discretionary clauses because of the "savings clause." ERISA preempts "any and all State laws insofar as they ... relate to any employee benefit plan." The "savings clause," however, preserves "any law ... which regulates

insurance... ". To fall within the savings clause, a state law must: Be "specifically directed toward entities engaged in insurance" and "substantially affect the risk pooling arrangement between the insurer and the insured." *Kentucky Association of Health Plans, Inc. v. Miller,* 538 U.S. 329,342 (2003).

**ANSWER: To the extent that Paragraph 33 contains legal conclusions, Lincoln is not required to answer. To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 33 of the Complaint.**

34. Defendant's discretionary ban is therefore not preempted by ERISA, and the Standard of Review for the Court in reviewing this action is de novo.

**ANSWER: To the extent that Paragraph 34 contains legal conclusions, Lincoln is not required to answer. To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 34 of the Complaint.**

## ADMINISTRATIVE APPEAL

35. Plaintiff is a 64-year-old woman previously employed by Cannon Cochran as a "Senior Claims Examiner."

**ANSWER: Lincoln admits Plaintiff was, at certain times, employed by Cannon as a Claims Adjuster. Lincoln admits that documents containing information concerning Plaintiff's date of birth are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 35 of the Complaint.**

36. Senior Claims Examiner is classified under the Dictionary of Occupational Titles as having a Light exertional level. This occupation also has an SVP of 6 and is skilled work.

**ANSWER: To the extent that Plaintiff is relying on documents that are not contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, Lincoln states that the Court's review in this action is limited to the administrative record and refers to the administrative record itself as the best evidence of its contents. Additionally, to the extent Plaintiff attempts to interpret the Dictionary of Occupational Titles, Lincoln refers to that document itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 36 of the Complaint.**

37. This occupation was very demanding in that it required Plaintiff to investigate, evaluate and adjust workers' compensation claims using established claim handling standards and laws; establish reserves and/or provide reserve recommendations within established reserve authority levels; review, approve or provide oversight of medical, legal, damage estimates and other invoices to determine if reasonable and related to designated claims and negotiate disputed bills or invoices for resolution; authorize and make payments of workers' compensation claims in accordance with claim procedures using a claim payment program; negotiate settlements in accordance with established client-specific instructions and state laws; assess and monitor subrogation claims for resolution; prepare reports on claim status, payments and reserves; provide notices on qualifying claims to excess/reinsurance carriers; conduct claim reviews and/or training sessions for clients; and attend and participate at hearings, mediations, and informal legal conferences as appropriate.

**ANSWER: Lincoln admits that certain documents concerning Plaintiff's job description and own occupation at Cannon are contained in the administrative record upon**

**which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 37 of the Complaint.**

38. Due to Plaintiffs disabling conditions, Plaintiff ceased actively working on January 19, 2022.

**ANSWER: Lincoln admits Plaintiff's last day at work at Cannon was September 19, 2022. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 38 of the Complaint.**

39. Plaintiff alleges that she became disabled on January 27, 2022.

**ANSWER: Lincoln admits Plaintiff's last day at work at Cannon was September 19, 2022. Lincoln admits that by this action, Plaintiff is seeking recovery of disability benefits from the LTD Plan, and Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan, and Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 39 of the Complaint.**

40. Plaintiff filed for short-term disability benefits with Defendant.

**ANSWER: Lincoln admits Plaintiff submitted a claim for short-term disability benefits from the short-term disability benefit plan ("STD Plan") sponsored by Cannon. Lincoln denies all remaining allegations contained in Paragraph 40 of the Complaint.**

41. Short-term disability benefits were granted.

**ANSWER: Lincoln admits Plaintiff submitted a claim for, and at certain times received, short-term disability benefits from the STD Plan sponsored by Cannon. Lincoln denies all remaining allegations contained in Paragraph 41 of the Complaint.**

42. Plaintiff filed for long-term disability benefits through the Plan administered by the Defendant.

**ANSWER: Lincoln admits Plaintiff submitted a claim for benefits from the LTD Plan. Lincoln admits it issued the Policy to Cannon, which Policy, at certain times, insured benefits paid by the LTD Plan under the terms of the Policy. Lincoln denies it was the plan administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 42 of the Complaint.**

43. The Plan defines **"Total Disability"** or **"Totally Disabled"** as follows:

> *"**Total Disability''** or **"Totally Disabled"** will be defined as follows:*
>
> *1. During the Elimination Period and Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the main duties* of *his or her regular occupation.*
> *2. After the Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee in unable to perform each* of *the main duties* of *any gainful occupation which his or her training, education or experience will reasonably allow.*
> *The* loss of a *professional license, an occupational license or certification, or* a *driver's license for any reason does **not,** by itself, constitute Total Disability."*

**ANSWER: Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD**

**Plan, and Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 43 of the Complaint.**

44. The Plan defines **"Regular Occupation** or **Own Occupation" as** follows:

> **"Regular Occupation"** or ***"Own Occupation"*** *means the occupation, trade or profession:*
> *1. in which the Insured Employee* was *employed with the Employer prior to Disability; and*
> *2. which was his or her primary source of earned income prior to Disability.*
> *It includes any work in the* same *occupation for pay or profit; whether such work is with the Employer, with some other firm or on* a *self-employed basis. It includes the main duties of that occupation as performed in the national workforce;* ***not*** *as performed for* a *certain firm or at* a *certain work site."*

**ANSWER: Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" and "Regular occupation" or "Own Occupation" as applicable to a participant's claim for benefits from the LTD Plan, and Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 44 of the Complaint.**

45. Long-term disability benefits were denied.

**ANSWER: Lincoln admits it sent a letter to Plaintiff dated October 17, 2022, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 45 of the Complaint.**

46. The Plan provides for monthly benefits of $3,825.00.

**ANSWER: To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln admits that certain documents concerning Plaintiff's earnings are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents.**

**Lincoln admits that the Policy includes language pertaining to the calculation of benefits as applicable to a participant's claim for benefits from the LTD Plan, and Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 46 of the Complaint.**

47. On October 17, 2022 and June 22, 2023, Defendant denied Plaintiffs long- term disability benefits.

**ANSWER: Lincoln admits it sent a letter to Plaintiff dated October 17, 2022, and a letter to Plaintiff's counsel dated June 22, 2023, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 47 of the Complaint.**

48. Defendant's denial letters said Plaintiff was not totally disabled from performing her own occupation under the Own/Any Occupation definition and allowed Plaintiff 180 days to appeal this decision.

**ANSWER: Lincoln admits it sent a letter to Plaintiff dated October 17, 2022, and letters to Plaintiff's counsel dated June 22, 2023, and March 6, 2024, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 48 of the Complaint.**

49. Defendant's denial letters failed to consider Plaintiffs restrictions, limitations, and inability to perform necessary vocational requirements of her own or any occupation related to her medical conditions.

**ANSWER: Lincoln admits it sent a letter to Plaintiff dated October 17, 2022, and letters to Plaintiff's counsel dated June 22, 2023, and March 6, 2024, and Lincoln refers to**

**the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 49 of the Complaint.**

50. Defendant's denial letters failed to state what specific information was missing and/or necessary for Plaintiff to perfect her appeals. On this front, Defendant's letters state only that, "There is insufficient evidence to support impairment and the review concluded there is no functional impairment from your client performing her own occupation beyond the 180-day elimination period."

**ANSWER: Lincoln admits it sent a letter to Plaintiff dated October 17, 2022, and letters to Plaintiff's counsel dated June 22, 2023, and March 6, 2024, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 50 of the Complaint.**

51. On April 5, 2023, June 15, 2023, December 7, 2023, February 15, 2024, and again on April 16, 2024, Plaintiff pursued her administrative remedies set forth in the Plan by requesting administrative reviews of the denial of benefits.

**ANSWER: Lincoln admits it received letters from Plaintiff's counsel dated April 5, 2023, June 15, 2023, December 7, 2023, and February 15, 2024, appealing the denial of Plaintiff's claim for benefits from the LTD Plan, but Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 51 of the Complaint.**

52. Plaintiff timely perfected her administrative appeals pursuant to the Plan by sending letters requesting same to the Defendant.

**ANSWER: Lincoln admits it received appeals of the denial of Plaintiff's claim for benefits from the LTD Plan, but Lincoln refers to the letters themselves as the best evidence**

**of their contents. Lincoln denies all remaining allegations contained in Paragraph 52 of the Complaint.**

53. Plaintiff submitted additional information including medical records to show that she is totally disabled from the performance of both her own and any other occupation as defined by the terms of the Plan.

**ANSWER: Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits it received an appeal of the denial of Plaintiff's claim for benefits from the LTD Plan, along with additional documentation, which are contained in the administrative record, and Lincoln refers to the letters and documents themselves as the best evidence of their contents. Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan, and Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 53 of the Complaint.**

54. On or about October 3, 2022, Defendant's paid consultant, Keren McCarthy, DO, internal medicine, performed a peer review of Plaintiff's claim file.

**ANSWER: Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 54 of the Complaint.**

55. On or about May 4, 2023, Defendant's paid consultant, Aton Holzer, M.D., dermatology, performed a peer review of Plaintiffs claim file.

**ANSWER: Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 55 of the Complaint.**

56. On or about May 11, 2023, Defendant's internal consultant, Angelle Nash, CRC, MHS, LRC, vocational consultant 11, performed a paper review of Plaintiff's claim file.

**ANSWER: Lincoln admits that occupational analysis/vocational reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 56 of the Complaint.**

57. Defendant's peer reviews of Plaintiffs file are unreliable and unreasonable as a basis for denial because:

a. The reviewers' opinions were infected by conflict and bias;

b. The reviewers' conclusions lack foundation and are conclusory;

c. The reviewers failed to consider the degenerative nature of Plaintiff's condition(s) and the lack of significant improvement;

d. The reviewers lacked appropriate qualifications to comment on Plaintiff's conditions;

e. The reviewers never examined Plaintiff in-person, which is particularly relevant, given the complexity of Plaintiffs conditions and treatment;

f. The reviewers failed to consider all relevant information, including Plaintiffs relevant own occupational demands;

g. The reviewers failed to acknowledge that medications neither effectively resolved her pain nor were appropriate for long-term treatment of Plaintiff;

h. The reviewers based their opinions on summary reports of other underqualified opinions; and

i. The reviewers' conclusions were inconsistent with the weight of the evidence.

**ANSWER: Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 57 of the Complaint.**

58. There is an indication that a "Amy M., RN, CCM" nurse disability consultant, reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said review.

**ANSWER: Lincoln admits that nurse reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 58 of the Complaint.**

59. Defendant's consultants completed their reports without examining Plaintiff.

**ANSWER: Lincoln admits that physician peer reviews, nurse reviews, and occupational analysis/vocational reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 59 of the Complaint.**

60. Defendant notified Plaintiff that Defendant upheld its original decision to deny Plaintiffs claim for long-term disability benefits.

**ANSWER: Lincoln admits it sent a letter to Plaintiff's counsel dated March 6, 2024, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 60 of the Complaint.**

61. Defendant also notified Plaintiff that Plaintiff had exhausted her administrative remedies.

**ANSWER: Lincoln admits it sent a letter to Plaintiff's counsel dated March 6, 2024, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 61 of the Complaint.**

62. Defendant, in its final denial, discounted the opinions of Plaintiffs treating physicians, among others, and the documented limitations from which Plaintiff suffers including the effects of Plaintiffs impairments on her ability to engage in work activities.

**ANSWER: Lincoln admits it sent a letter to Plaintiff's counsel dated March 6, 2024, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 62 of the Complaint.**

63. The Plan gave Defendant the right to have Plaintiff submit to a physical examination at the appeal level.

**ANSWER: To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 63 of the Complaint.**

64. A physical examination, with a full file review, provides an evaluator with more information than a medical file review alone.

**ANSWER: Lincoln admits only that its decisions on Plaintiff's claim for benefits from the LTD Plan under the Policy were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Lincoln denies all remaining allegations contained in Paragraph 64 of the Complaint.**

65. More information promotes accurate claims assessment.

**ANSWER: Lincoln admits only that its decisions on Plaintiff's claim for benefits from the LTD Plan under the Policy were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Lincoln denies all remaining allegations contained in Paragraph 65 of the Complaint.**

66. Despite having the right to a physical examination, Defendant did not ask Plaintiff to submit to one.

**ANSWER: Lincoln admits only that its decisions on Plaintiff's claim for benefits from the LTD Plan under the Policy were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Lincoln denies all remaining allegations contained in Paragraph 66 of the Complaint.**

67. Plaintiff has now exhausted her administrative remedies, and her claim is ripe for judicial review pursuant to 29 U.S.C. § 1132.

**ANSWER: Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of**

**benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 67 of the Complaint.**

## MEDICAL FACTS

68. Plaintiff suffers from multiple medical conditions resulting in both exertional and nonexertional impairments.

**ANSWER: Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 68 of the Complaint.**

69. Plaintiff suffers from pemphigus vulgaris; constant fatigue; frequent headaches; and impaired cognitive functioning with poor short-term memory and limited attention and concentration.

**ANSWER: Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 69 of the Complaint.**

70. Treating physicians document continued chronic pain, as well as weakness.

**ANSWER: Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 70 of the Complaint.**

71. Plaintiff's treating physicians have opined that Plaintiff is unable to work.

**ANSWER: Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 71 of the Complaint.**

72. Plaintiffs treating physicians disagree with Defendant's hired peer reviewers.

**ANSWER: Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 72 of the Complaint.**

73. Plaintiffs disorders have resulted in restrictions in activity and have significantly curtailed her ability to engage in any form of exertional activity.

**ANSWER: Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 73 of the Complaint.**

74. Physicians have prescribed Plaintiff with multiple medications in an effort to address her multiple symptoms.

**ANSWER: Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 74 of the Complaint.**

75. However, Plaintiff continues to suffer from breakthrough pain, discomfort, and limitations in functioning, as documented throughout the administrative record.

**ANSWER: Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 75 of the Complaint.**

76. Plaintiffs documented pain is so severe that it impairs her ability to maintain the pace, persistence and concentration required to maintain competitive employment on a full-time basis, for an 8-hour day, day after day, week after week, month after month.

**ANSWER: Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 76 of the Complaint.**

77. Plaintiffs medications cause additional side effects in the form of sedation and cognitive difficulties.

**ANSWER: Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 77 of the Complaint.**

78. The aforementioned impairments and their symptoms preclude Plaintiffs performance of any work activities on a consistent basis.

**ANSWER: Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 78 of the Complaint.**

79. As such, Plaintiff has been and remains disabled per the terms of the Plan and has sought disability benefits pursuant to said Plan.

**ANSWER: Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD**

**Plan, and Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 79 of the Complaint.**

80. However, after exhausting her administrative remedies, Defendant persists in denying Plaintiff her rightfully owed disability benefits.

**ANSWER: Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 80 of the Complaint.**

81. At all relevant times, Defendant has been operating under an inherent and structural conflict of interest as Defendant is liable for benefit payments due to Plaintiff and each payment depletes Defendant's assets.

**ANSWER: Lincoln admits it issued the Policy to Cannon, which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 81 of the Complaint.**

82. Defendant's determination was influenced by its conflict of interest.

**ANSWER: Lincoln denies all allegations contained in Paragraph 82 of the Complaint.**

83. Defendant's reviewing experts are not impartial.

**ANSWER: Lincoln denies all allegations contained in Paragraph 83 of the Complaint.**

84. Upon information and belief, Defendant's peer reviewers have conducted reviews in connection with numerous other individuals insured by Defendant.

**ANSWER: Lincoln admits that physician peer reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 84 of the Complaint.**

85. Defendant knows, or has reason to know, that its in-house medical consultants and the medical consultants hired and/or retained to complete file reviews serve only insurance companies and never individual claimants.

**ANSWER: Lincoln admits that physician peer reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 85 of the Complaint.**

86. Upon information and belief, Defendant pays substantial sums of money to its medical consultants, whether in-house or independent contractors, to conduct reviews for claimants under Defendant's Plan(s).

**ANSWER: Lincoln admits that physician peer reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its**

**contents. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 86 of the Complaint.**

87. Upon information and belief, Defendant's reviewing experts receive financial incentive to proffer opinions aiding in Defendant's denial of claims.

**ANSWER: Lincoln denies all allegations contained in Paragraph 87 of the Complaint.**

88. Defendant has failed to take active steps to reduce potential bias and to promote accuracy of its benefits determinations.

**ANSWER: Lincoln denies all allegations contained in Paragraph 88 of the Complaint.**

**COUNT I:**

89. Plaintiff incorporates those allegations contained in paragraphs 1 through 88 as though set forth at length herein.

**ANSWER: Lincoln incorporates its responses to Paragraphs 1-88 by reference as if fully set forth herein.**

90. Defendant has wrongfully denied disability benefits to Plaintiff in violation of Plan provisions and ERISA for the following reasons:

a. Plaintiff is totally disabled, in that she cannot perform the material duties of her own occupation, and she cannot perform the material duties of any other occupation which her medical condition, education, training, or experience · would reasonably allow;

b. Defendant failed to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled;

c. Defendant's interpretation of the definition of disability contained in the policy is contrary to the plain language of the policy, as it is unreasonable, arbitrary, and capricious; and

d. Defendant has violated its contractual obligation to furnish disability benefits to Plaintiff.

**ANSWER: Lincoln denies all allegations contained in Paragraphs 90 and 90 a-d of the Complaint.**

**COUNT II:**

91. Plaintiff repeats and realleges the allegations of paragraphs 1 through 90 above.

**ANSWER: Lincoln incorporates its responses to Paragraphs 1-90 by reference as if fully set forth herein.**

92. By reason of the Defendant's failure to pay Plaintiff benefits as due under the terms of the Plan, Plaintiff has been forced to retain attorneys to recover such benefits, for which Plaintiff has and will continue to incur attorney's fees. Plaintiff is entitled to recover reasonable attorney's fees and costs of this action, pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. §1132(g)(1).

**ANSWER: Lincoln denies all allegations contained in Paragraph 92 of the Complaint.**

WHEREFORE, **Plaintiff demands judgment for the following:**

A. Grant Plaintiff declaratory relief, finding that she is entitled to all past due long-term disability benefits yet unpaid;

B. Order Defendant to pay past due long-term disability benefits retroactive to July 18, 2022 through the present in the monthly amount specified in the Plan and subject to such offsets as are permitted in the Plan, plus pre-judgment interest;

C. Order Defendant to remand claim for future administrative review and continue to make future long-term disability benefits in the monthly amount specified in the Plan and subject to such offsets as are permitted in the Plan until such time as Defendant makes an adverse determination of long-term disability consistent with ERISA and Plaintiff's entitlements under the Plan;

D. Order Defendant to pay for the costs of this action and Plaintiff's attorney's fees, pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g); and

E. For such other relief as may be deemed just and proper by the Court.

**ANSWER: Lincoln denies all allegations contained in the WHEREFORE Paragraph of the Complaint and Paragraphs A-E thereunder and denies Plaintiff is entitled to the relief sought in the Prayer of the Complaint.**

**Lincoln denies all allegations contained in the Complaint not specifically admitted herein.**

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to terminate Plaintiff's benefits from the LTD Plan under the Policy was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard. Moreover, Lincoln's actions regarding Plaintiff's claim were done in good faith,

and Lincoln's decision on Plaintiff's claim was based on a reasonable investigation and its good faith belief that its actions were in compliance with applicable laws and regulations and the requirements of the relevant disability benefits policy.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the LTD Plan, which requires offset and/or repayment of any award of other earnings or benefits, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Lincoln reserves the right to assert additional defenses.

## PRAYER

Lincoln requests that the Court enter judgment that Plaintiff recover nothing from it by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated this 29th day of January 2025.

Respectfully submitted,

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

By: /s/ Iwana Rademaekers
Iwana Rademaekers
State Bar of Texas No. 16452560
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that on the 29th day of January 2025, the foregoing was filed electronically and that service of same on all counsel of record will be made by the Court's CM/ECF system as follows:

Adriana M. de la Torre
Email: adriana@towerlawgroup.com

Selina Valdez
Email: selina@marcwhitehead.com

/s/ Iwana Rademaekers
Iwana Rademaekers