**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ROLFIE FOBBS,** | ) | |
| | ) | **Case No. 1:24cv11682** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Judge: Franklin U. Valderrama** |
| **vs.** | ) | |
| | ) | |
| **THE LINCOLN NATIONAL** | ) | |
| **LIFE INSURANCE COMPANY,** | ) | **Magistrate Judge: Laura K. McNally** |
| | ) | |
| **Defendant.** | ) | |

# JOINT INITIAL STATUS REPORT

Plaintiff, Rolfie Fobbs ("Fobbs" or "Plaintiff"), and Defendant, The Lincoln National Life Insurance Company ("Lincoln" or "Defendant") by their respective attorneys submit the following Joint Initial Status Report:

## I. Nature of the Case

A. Identify the attorneys of record for each party. Note the lead trial attorney and any local counsel.

Attorney for Plaintiff:


Selina Renae Valdez (Texas Bar # 24121872)
Admitted *Pro Hac Vice*
MARC WHITEHEAD & ASSOCIATES
403 Heights Boulevard
Houston, TX 77007
PH: 713-228-8888
Fax: 713-225-0940
Email: selina@marcwhitehead.com
Lead Trial Attorney for Plaintiff


And

Adriana M. de la Torre
Illinois Attorney No. 6289335
Tower Law Group
3505 Lake Lynda Dr, Ste 200
Orlando, FL 32817
PH: 317-353-3826
Fax: 877-860-2750
Email: adriana@towerlawgroup.com

Attorney for Defendant:

Iwana Rademaekers
17304 Preston Road, Suite 800
Dallas, Texas 75252
PH: 214-579-9310
Fax: 469) 444-6456
Email: iwana@rademaekers.law.com
Lead Trial Attorney for Defendant

B. State the basis for Federal Jurisdiction

Federal jurisdiction is based on 28 U.S.C. § 1331, through the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*. ("ERISA"), specifically 29 U.S.C. § 1132(e)(1).

C. Provide a short overview of the case in plain English (five sentences or less).

Plaintiff seeks long-term disability ("LTD") benefits under an employee welfare benefit plan, (the "Plan") governed by ERISA. Defendant is the claims administrator who denied LTD benefits under the terms of the Plan, and contends Plaintiff did not meet the terms and conditions of the Plan is therefore not entitled to LTD benefits.

D. Describe the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.

Plaintiff seeks all accrued LTD benefits, prejudgment interest, attorney's fees and costs.

Defendant seeks reimbursement of its reasonable attorney's fees and costs.

E. What are the principal factual issues?

1. Whether Plaintiff is disabled under the Plan, as defined by the terms and conditions of the Plan.

F. What are the principal legal issues?

1. Whether the applicable standard of review is 'arbitrary and capricious' or 'de novo'.
2. Whether Defendant's decision was in accordance with the terms of the Plan and should be upheld.

G. What relief is the plaintiff(s) seeking? Quantify the damages, if any. (A ballpark estimate is acceptable – the purpose is simply to give the Court a feel for the case. This estimate will not be admissible.).

Plaintiff is seeking compensation equal to the value of the policy. The value of the policy is quantified to equal $62,964.50 as the net benefit is estimated to be $1,564.00 per month for 41 months.

H. Have all of the defendants been served, or waived service of process? If not, identify the defendants that have not received service.

All Parties have been served.

## II. Discovery:

A. Propose a discovery schedule. Include the following deadlines: (1) the mandatory initial discovery responses; (2) any amendment to the pleadings to add new claims, or new parties; (3) service of process on any "John Doe" defendants; (4) the completion of fact discovery; (5) the disclosure of plaintiff's expert report(s); (6) the deposition of plaintiff's expert; (7) the disclosure of defendant's expert(s); (8) the deposition of defendant's expert; and (9) dispositive motions.

| **Event** | **Deadline** |
| --- | --- |
| Initial Discovery Responses | This is an ERISA case, which the parties agree is exempt from Rule 26 disclosures and is also exempt from the MIDP. In lieu of Rule 26 disclosures, Defendant will produce the administrative record by February 14, 2025.<br><br>Plaintiff will notify Defendant by March 28, 2025 as to whether Plaintiff stipulates to the completeness of the record. |
| Amendment to the pleadings | February 28, 2025 |
| Service of process on any "John Does" | N/A |
| Completion of Fact Discovery | March 21, 2025 |

| | |
|---|---|
| Disclosure of Plaintiff's Expert Report(s) | The parties do not anticipate expert discovery at this time. |
| Deposition of Plaintiff's Expert | The parties do not anticipate expert discovery at this time. |
| Disclosure of Defendant's Expert Report(s) | The parties do not anticipate expert discovery at this time. |
| Deposition of Defendant's Expert | The parties do not anticipate expert discovery at this time. |
| Dispositive Motions | Because this is an action governed by ERISA, the parties request that the Court enter a briefing schedule, and propose that the Stipulated Record be filed by April 11, 2025, and that the parties' simultaneous dispositive cross-motions be filed by May 2, 2025 with cross-response briefs due by May 23, 2025. |

B. How many depositions do the parties expect to take? The parties do not anticipate expert discovery at this time.

C. Do the parties foresee any special issues during discovery? Not at this time.

D. Rule 26(f)(2) requires the parties to propose a discovery plan. See Fed. R. Civ. P. 26(f)(2). Rule 26(f)(3), in turn, provides that a "discovery plan must state the parties' views and proposals" on six different topics. See Fed. R. Civ. P. 26(f)(3). Have the parties discussed a discovery plan – including all of the topics – as required by Rule 26(f)(3)? If so, do the parties propose anything?

The Parties do not anticipate any discovery in this matter. As stated above, Defendant shall produce the administrative record by February 28, 2025, and Plaintiff will notify Defendant by March 28, 2025 as to whether Plaintiff stipulates to the completeness of the record.

## III. <u>Trial</u>

A. Have any of the parties demanded a jury trial? No. A Jury Demand is not applicable in this ERISA proceeding.

B. Estimate the length of trial:

The parties believe that the case will be resolved through summary judgment procedure, with the possibility of jointly filing a stipulated record. However, if a trial is needed, the Parties estimate that 1-2 days will be required

## IV. Settlement, Referrals, and Consent

A. Have any settlement discussions taken place? If so, what is the status? Has the plaintiff made a written settlement demand? And if so, did the defendant respond in writing? (Do not provide any particulars of any demands or offers that have been made.)

Not yet. Now that counsel for Defendant has begun representation, counsel plan to commence settlement discussions in the near future.

B. Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?

Not at this time. The parties intend to attempt to settle the matter without a settlement conference.

C. Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties unanimously consent to that procedure?

The parties do not unanimously consent to proceed before the Magistrate Judge

## V. Other

A. Is there anything else that the plaintiff(s) wants the Court to know? (Please be brief.)

Not at this time.

B. Is there anything else that the defendant(s) wants the Court to know? (Please be brief.)

Not at this time.

Respectfully submitted,

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

By: /s/ Iwana Rademaekers
Iwana Rademaekers
State Bar of Texas No. 16452560
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

AND

By: /s/ Selina Renae Valdez

Selina Renae Valdez
Selina Renae Valdez (Texas Bar # 24121872)
Admitted *Pro Hac Vice*
MARC WHITEHEAD & ASSOCIATES
403 Heights Boulevard
Houston, TX 77007
PH: 713-228-8888
Fax: 713-225-0940
Email: selina@marcwhitehead.com
Lead Trial Attorney for Plaintiff

And

Adriana M. de la Torre
Illinois Attorney No. 6289335
Tower Law Group
3505 Lake Lynda Dr, Ste 200
Orlando, FL 32817
PH: 317-353-3826
Fax: 877-860-2750
Email: adriana@towerlawgroup.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that on the 29th day of January 2025, the foregoing was filed electronically and that service of same on all counsel of record will be made by the Court's CM/ECF system as follows:

Adriana M. de la Torre
Email: adriana@towerlawgroup.com

Selina Valdez
Email: selina@marcwhitehead.com

/s/ Iwana Rademaekers
Iwana Rademaekers